**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2322

_____

UNITED STATES OF AMERICA

v.

DANIEL DELOIR,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No.  4-14-cr-00060-001)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2015

BEFORE:  AMBRO, HARDIMAN, and NYGAARD, *Circuit Judges*

(Opinion Filed:  June 23, 2016)

_____

OPINION[*]

_____

NYGAARD, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Daniel Deloir appeals the $500 fine imposed by the District Court for his conviction on a plea of guilty to possession of contraband by an inmate.[1] 18 U.S.C. §1791(a)(2). Deloir contends that the District Court failed to make adequate factual findings regarding his ability to pay. We will affirm.

This opinion does not have any precedential value. Therefore, our discussion of the case is limited to covering only what is necessary to explain our decision to the parties. We give plenary review to the sufficiency of the district court's findings. We review the district court's findings about the defendant's ability to pay for clear error. *United States v. Seale*, 20 F.3d 1279, 1284 (3d Cir. 1994).

At his sentencing hearing, the District Court determined that Deloir has the ability to pay, and it imposed a below-Guidelines fine of $500.[2] Deloir objected, noting that he does not have any significant assets and does not have the ability to work because he is housed in the Special Management Unit. The District Court overruled the objection, expressing confidence that Deloir would "get better" (App. 167) and would be able to pay the fine. Deloir filed a timely appeal.

"The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5e1.2(a) (2014). Where the defendant presents such evidence the district court is required to make findings on the defendant's ability to pay. *United States v. Kadonsky*,

---

[1] Deloir does not appeal the District Court's sentence of 24 months' imprisonment.

[2] Deloir had an offense level of 13 and a criminal history of IV. The advisory range was $3,000 to $30,000. U.S. Sentencing Guidelines Manual § 5e1.2(A) (U.S. Sentencing Comm'n 2014).

2

242 F.3d 516, 519 (3d Cir. 2001). The court may look to the possibility of future income to make its determination. *Seale*, 20 F.3d at 1284. "Where the court has created enough of a factual record that it is clear that it considered a defendant's ability to pay, its findings may be deemed adequate." *Id.*

The transcript shows that the District Court reviewed and adopted, without objection, the factual findings of the presentence report, which included information on Deloir's financial assets and job skills. The transcript also makes evident that, throughout the hearing, a great deal of the District Court's attention was devoted to Deloir's situation in the Special Management Unit. The District Court discussed moving Deloir to another facility to serve the remainder of his sentence, and it included its recommendation to do so in its judgment. Finally, it imposed a fine well below the Guidelines range. This is the context for the District Court's deliberation of Deloir's objection to its ruling that he has the ability to pay a fine. All of this convinces us that when the District Court expressed confidence that Deloir was going to "get better" (App. 167), and that he would be able to pay his fine, it did so based on a well-developed factual record, and after giving ample consideration to Deloir's circumstances and capabilities—past, present, and future.

For these reasons, we will affirm the order of the District Court.